**CISCO & N. E. RY. CO. v. VILLANEUVA.**
(No. 1707.)

(Court of Civil Appeals of Texas. El Paso. March 5, 1925.)

1. **Master and servant ⚖➡276(8)—Evidence held to show trackman's injury from slipping jack was not caused by act of fellow workmen.**

Evidence *held* to show that injury to trackman from slipping jack was not caused by act of his fellow workmen in releasing it after losing control of it.

2. **Appeal and error ⚖➡1122(2)—Court of Civil Appeals powerless to make finding of fact to sustain judgment.**

Court of Civil Appeals is not empowered to make a requested finding of fact in order to sustain a judgment.

3. **Master and servant ⚖➡276(2)—Evidence held not to show trackman's injury from slipping jack was caused by unavoidable accident.**

Evidence *held* not to show trackman's injury from slipping jack was caused by unavoidable accident.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by Jose Villaneuva against the Cisco & Northeastern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Butts & Wright, of Cisco, for appellant. J. D. Barker, of Cisco, for appellee.

HIGGINS, J. Appellee was employed as a trackman by the appellant. His foreman was Ben Parker. This suit was brought by appellee to recover damages on account of personal injuries alleged to have been sustained while in the course of his employment. It was alleged that the foreman ordered plaintiff and two other employees to raise the track, using a jack for that purpose; that after raising the track about 32 inches, they were ordered to raise it two more notches; that when they placed their weight upon the handle of the jack in order to raise it two more notches, his two fellow servants turned the handle loose and stepped out of the way, whereupon the jack slipped and threw all of the weight upon the plaintiff, causing a hernia. Substantially the same facts are alleged in another part of the petition as follows:

"That the other servants and employees abandoned the work of lifting the track higher than it was originally contemplated, and because of such abandonment without notice or warning to this plaintiff of his danger, were acts and omissions of carelessness and negligence and evidence wantonness and recklessness and utter disregard of its duties and obligations to this plaintiff."

As a further ground of negligence it was alleged:

"Plaintiff further alleges that the jack or instrument that defendant furnished to plaintiff with which to raise said track was defective and insufficient to raise the track to a higher elevation than the track was raised to when ordered by the defendant to raise it two more notches; that said jack was worn and defective, and the clutch would not hold when placed in the notches."

Upon trial without a jury judgment was rendered in the plaintiff's favor for $390.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Findings of fact and conclusions of law were filed by the trial court. The court found that the plaintiff was injured by "the negligence of his fellow workmen in, turning loose the jack and letting the weight of the track and the jack fly against the plaintiff; that the turning loose by the fellow workmen of plaintiff and letting the weight of the track and the jack fly against plaintiff was the proximate cause of plaintiff's injury."

[1] Those assignments are sustained which assert that the foregoing finding is contrary to the undisputed evidence. The only witnesses testifying to the circumstances under which the alleged injury was sustained are the plaintiff and one of his fellow workmen, Teofilo Cabrera, who testified in the plaintiff's behalf.

The plaintiff testified:

"I will tell the court just how the jack did when it slipped; we raised it up where there isn't any notches, and it just slipped. As to whether or not the jack fell over, or whether or not the lever of the jack just slipped down, it slipped to one side. It was the top of the jack that slipped. The top of the jack was under the rail when we were jacking it up. The top of the jack slipped from under the bottom of the rail. It slipped on the side. I cannot explain just how it did, but when it fell the rest of them got away from it and I held on to it. It was the top of the jack that slipped. We were jacking it up like this (indicating). The jack slipped out. The top of the jack slipped out from under the bottom of the rail—it stayed three or four notches down below. It caught three or four notches below where it slipped. I was holding the handle of the jack all this time. The three of us could not do anything with the jack when it slipped because the track was too high. When it slipped the three of us could not do anything with the jack. * * *

"If the other two had not run away when the jack slipped, the three of us could not have controlled the jack."

Cabrera testified:

"The track had been raised about two feet or a foot and a half before the jack fell. The lever had run up nearly to the top, before it fell. At that time Mr. Parker told us to lift it one more notch. We tried to lift it one more notch, but we couldn't because that was as far as the notches went. When we did that, tried to lift it one more notch, the jack slipped, and we turned loose, and Jose stayed with it. * * * When that jack slipped, I could not have held it. All of us could not have held it after it slipped."

It is plain from this evidence that when the jack slipped the parties had lost control of it, and the injury to the plaintiff had no causal connection with the act of his fellow workmen in releasing the handle of the jack after such control had been lost.

[2] In this connection the appellee asserts that the evidence is sufficient to support a finding that appellant was negligent in ordering the track raised higher when the evidence shows the clutch of the jack was then in the last notch, and asks this court to make such finding and affirm the judgment.

This is not a trial court. The lower court's judgment was based upon the finding of fact above quoted, and this court is without authority to make the finding requested and uphold the judgment upon the same.

[3] Other assignments assert that the undisputed evidence shows that the injury was caused by an unavoidable accident. These are overruled.

Upon the ruling made with respect to the insufficiency of the evidence to support the findings of the trial court, upon which its judgment is based, the remaining assignments and propositions presented by appellant become immaterial.

Reversed and remanded.